DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos. 3:22-cr-0029 |
| ) | |
| JOEVA ELIZABETH WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**THIS MATTER** came before the Court for a telephonic pretrial status conference held on October 12, 2022. This matter is currently set for Jury Selection and Trial for October 17, 2022. However, the Government is requesting a continuance of the trial date and an extension of discovery in order to complete the laboratory testing of the drugs that were seized in this matter. The Government is requesting an extension of the discovery deadline to February 2023 to which the defense did not object. The defense also waived any rights to a speedy trial under the Speedy Trial Act. After careful consideration and for good cause, the Court will grant the Government's request to continue the trial date.

While the Speedy Trial Act requires that defendants be tried within seventy days from the public filing of the charging document, the Act specifically excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted," including "to permit preparation of pretrial motions" and "to permit plea negotiations to continue." *United States v. Fields*, 39 F.3d 439, 444-45 (3d Cir. 1994); *see also United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that

one side needs more time to prepare for trial [even if the] case [i]s not 'complex.' "); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel, and later standby counsel, an opportunity to consult with Lattany for the purpose of deciding upon and preparing an appropriate defense.").

Here, an extension of time is necessary to give the Government more time to obtain the drug testing results and to prepare this case. The Court does not find that the delay in obtaining drug laboratory testing reports is due to the Government's lack of diligence. Further, the defense will need time to prepare its defense upon receipt of the drug testing results. The Court finds that the ends of justice is served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the Defendant in a speedy trial.

The premises considered, it is hereby

**ORDERED** that the Government's unopposed motion to extend discovery and continue the trial date is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through March 27, 2023, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that discovery deadline is **EXTENDED** to February 13, 2023; it is further

**ORDERED** that the motions deadline is **EXTENDED** to March 6, 2023; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than close of business on March 20, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than March 23, 2023;[1] and it is further

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.

**ORDERED** that the parties **SHALL** notify the Court of their readiness for trial at least 10 days prior to the scheduled trial date; and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for October 17,2022 are **RESCHEDULED** to commence promptly at 9:00 A.M. on March 27, 2023, in St. Thomas Courtroom 1.

**Dated:** October 14, 2022                                   */s/ Robert A. Molloy*
                                                                                 **ROBERT A. MOLLOY**
                                                                                 **Chief Judge**