DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case Nos. 3:22-cr-0029 |
| JOEVA ELIZABETH WILLIAMS, | ) |
| Defendant. | ) |

## ORDER

**BEFORE THE COURT** is Defendant's unopposed motion to continue trial date and pretrial filing dates. (ECF No. 36.) Defendant waived her right to a speedy trial under the Speedy Trial Act. (ECF No. 37.)

This matter is currently set for Jury Selection and Trial for March 27, 2023. Defendant is requesting a continuance of the trial date and an extension of pretrial filing dates in order to complete the case investigation. Defendant asserts that scientific discovery received on February 14, 2023, includes several Department of Homeland Security Laboratory Reports that document testing of various substances related to this case. Defendant contends that additional time is necessary to review those reports and potentially consult with independent defense experts who may need to conduct independent testing. After careful consideration and for good cause, the Court will grant Defendant's request to continue the trial date and pretrial filing dates.

While the Speedy Trial Act requires that defendants be tried within seventy days from the public filing of the charging document, the Act specifically excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an

'ends of justice' continuance may in appropriate circumstances be granted," including "to permit preparation of pretrial motions" and "to permit plea negotiations to continue." *United States v. Fields*, 39 F.3d 439, 444-45 (3d Cir. 1994); *see also United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.' "); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel, and later standby counsel, an opportunity to consult with Lattany for the purpose of deciding upon and preparing an appropriate defense.").

Here, an extension of time is necessary to afford Defendant more time to review the drug testing reports and potentially engage experts to conduct independent testing. The Court does not find that the delay in reviewing the drug testing reports is due to Defendant's lack of diligence. The Court finds that the ends of justice is served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the Defendant in a speedy trial.

The premises considered, it is hereby

**ORDERED** that the Defendant's unopposed motion to continue the trial date and pretrial filing dates, ECF No. 36, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through July 10, 2023, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the discovery deadline has **EXPIRED;** it is further

**ORDERED** that the deadline to file any substantive motions is **EXTENDED** to April 10, 2023; it is further

**ORDERED** that, no later than June 26, 2023, each party **SHALL** file a notice of readiness for trial; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than close of business on June 28, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d)

proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than July 5, 2023,[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for March 27, 2023, are **RESCHEDULED** to commence promptly at 9:00 A.M. on July 10, 2023, in St. Thomas Courtroom 1.

**Dated:** March 14, 2023                /s/ *Robert A. Molloy*
                                         **ROBERT A. MOLLOY**
                                         **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.